Case 1:06-cv-02354-TWT   Document 2   Filed 10/24/06   Page 1 of 5

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 24 2006

JAMES N. HATTEN, Clerk
By /s/ Sewell
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARRELL JOE BELL,<br>Petitioner, | CIVIL ACTION NO.<br>1:06-CV-2354-TWT |
| v. | |
| WARDEN,<br>Respondent. | |

## ORDER AND OPINION

Darrell Joe Bell submitted a letter that the Clerk of Court filed as a federal habeas corpus petition against "Warden." (Doc. No. 1.) For the reasons discussed below, it is found that Bell did not intend to file a federal habeas corpus petition at this time.

Bell currently is incarcerated based on various Cobb County convictions for crimes committed in 1995-97. See www.dcor.state.ga.us at "offender search," GDC ID No. 928987. In his letter, Bell states that he is the victim of multiple federal crimes (including a RICO conspiracy and kidnaping) and is being illegally held in prison. (Doc. No. 1.) Bell states, "although my case has not been over-turned . . . it does not excuse the fact that I am a victim of Federal Crimes, and of which [sic] I wish to ex[]ercise my fundamental right to press charges on [sic]." Bell concludes, "[h]aving said that, I respectfully wish to have forwarded back to me, any documentation needed

for me to complete and return to the court for the warrants, and the fee amount required by the court to bring forth charges." (Id.)

This Court's role is strictly judicial—resolving actual cases and controversies between adverse parties. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). That role does not include providing forms for the initiation of criminal charges against persons. Notably, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." See Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987). Because Bell names no adverse party and seeks only the initiation of criminal charges, this Court declines to construe or re-characterize[1] the instant letter as a federal habeas corpus petition and finds that Bell did not intend to file an action at this time.

Accordingly, **IT IS ORDERED** that the instant action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this __23__ day of __October__, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] See Castro v. United States, 540 U.S. 375, 377-78 (2003) (disfavoring sua sponte re-characterization of a filing as a federal habeas corpus petition).

2